IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CHARLES FITZGERALD DAVIS,       )
                                )
        Petitioner,              )
                                )
v.                              )    CV 106-043
                                )
RANDY TILLMAN, Warden,           )
                                )
        Respondent.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Fitzgerald Davis brought the above-captioned petition for a writ of habeas corpus against Respondent, pursuant to 28 U.S.C. § 2254. The matter is now before the Court on Respondent's motion to dismiss. (Doc. no. 11). Petitioner opposes the motion. (Doc. no. 14). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **DENIED** without prejudice.

### I. BACKGROUND

In July 2000, a jury convicted Petitioner of aggravated assault and possession of a firearm during the commission of a crime. (Doc. no. 13, Ex. 1, p. 605). The Richmond County Superior Court subsequently sentenced Petitioner to 25 years' imprisonment. (Id.). Thereafter, Petitioner filed a motion for a new trial, which was later dismissed for lack of prosecution. (Id. at 29, 823).

Approximately two-and-one-half years later, Petitioner filed a state habeas corpus petition, arguing that (1) his indictment was defective, and he was convicted for charges that

were unrelated to those for which he was arrested, (2) his trial counsel was ineffective for telling the jury that Petitioner was guilty of the charges against him, (3) his trial counsel was ineffective for failing to "pursue and represent Petitioner zealously," and (4) he was denied his right to appeal his convictions because his attorney failed to file a notice of appeal. (Id. at Exs. 2, 3). Following an evidentiary hearing, on October 25, 2005, the state habeas court determined that Petitioner was unconstitutionally denied his right to appeal his convictions, granted Petitioner an out-of-time appeal, and remanded the case to the trial court. (Id. at Ex. 4). In so doing, the state habeas court declined to address Petitioner's remaining claims on the merits because he was granted the out-of-time appeal. (Id.). Thereafter, Petitioner filed *pro se* motions to remain in the county jail and for the appointment of appellate counsel. (Id. at Ex. 1). Respondent states that as of the date that he filed his motion to dismiss, Petitioner's motions and out-of-time appeal remained pending. (Doc. no. 12).

On March 23, 2006, Petitioner filed the instant § 2254 petition, reasserting claims one, two, and three raised in his state habeas petition and also arguing that he is being "continually denied his right to appeal" because the state court did not appoint him counsel in his out-of-time appeal. (Doc. no. 1, p. 6). Respondent answered, generally denying the allegations in the petition, (doc. no. 10), and simultaneously filed the instant motion to dismiss (doc. no. 11).

In his motion to dismiss, Respondent argues that Petitioner has not exhausted his claims in the state courts; therefore, the § 2254 petition should be dismissed, or alternatively, held in abeyance pending completion of the exhaustion process. (Doc. nos. 11, 12). Respondent notes that there has been no factual development of Petitioner's claims for

2

review, as Petitioner is pursuing his direct appeal in state court. (Doc. no. 12, pp. 4-5). As such, Respondent asserts that the state courts should be given the first opportunity to correct any alleged constitutional violations. (Id. at 6). Respondent also concedes that the delay in the case should not have occurred, but maintains that since the state courts have now been informed of Petitioner's claims, they should be given the opportunity to "mend [their] own fences."[1] (Id. at 6-7). Petitioner opposes the motion, arguing, *inter alia*, that he did, in fact, exhaust his state court remedies. (Doc. no. 14).

During the pendency of this case, it has come to the Court's attention that the Georgia Court of Appeals has since dismissed Petitioner's out-of-time appeal. (See http://www.augustaga.gov/WebDocket/IconWebDocketISAPI.dll/CriminalDetail?ctcrim =1000148600;  http://www.gaappeals.us/docket/results_one_record.php?docr_case_num =A07A0131).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA, however, preserves the traditional exhaustion requirement, which requires a district court to

---

[1] Counsel for Respondent states that he telephoned officials from the Gwinnett County Clerk of Superior Court's office, the Richmond County Clerk of Superior Court's office, and the Augusta Judicial Circuit District Attorney's office, informing these officials of Petitioner's § 2254 petition. (Doc. no. 12, p. 6). Additionally, counsel states that an attorney from the District Attorney's office contacted the chambers of the Honorable Duncan D. Wheale, Superior Court Judge, Augusta Judicial Circuit, to whom the case is assigned, and Mr. Robert L. Allgood, President of the Augusta Bar Association, who is in charge of cases in the Public Defender's office that pre-date January 1, 2005 (when the Public Defender's office began operations).

3

dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. See Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

In addition, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. Notably, however, in Georgia, a petitioner does not have to seek certiorari in the Georgia Supreme Court in order to fully exhaust his state court remedies on direct appeal. Ga. Sup. Ct. R. 40 ("In all appeals from criminal convictions, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals

in order to be deemed to have exhausted all available state remedies respecting a claim of error."); Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (citing Ga. Sup. Ct. R. 40).

Here, because the Court has no information about how the issues Petitioner raised on direct appeal affect the exhaustion requirement for the issues he raised in his federal § 2254 habeas petition, it is unclear whether Petitioner has met the above exhaustion requirements. The Court recognizes that it may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2); see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). However, because there has been no factual development of Petitioner's claims, the Court does not have sufficient information to determine whether Petitioner raised colorable federal claims in his current federal petition such that the merits of the petition should be addressed in lieu of invoking the exhaustion requirement.[2]

Further, because of the lack of information provided by the parties regarding Petitioner's direct appeal, the Court cannot determine whether the claims Petitioner brought in his federal petition were raised on direct review or whether they are now procedurally barred. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (exhaustion requirement not defeated by "letting the time run so that state remedies [are] no longer available") (quoting

---

[2] Although Petitioner raised in his first state habeas petition the claims he raised in his federal petition, the state habeas court did not address the merits of those claims given that Petitioner was granted an out-of-time direct appeal. Therefore, this Court does not have a sufficient factual basis to consider Petitioner's claims.

5

O'Sullivan, 526 U.S. at 848); see also Teague v. Lane, 489 U.S. 288, 297-98 (1989) (failing to raise claim at trial or on direct appeal, thus forfeiting review of the claim in Illinois courts either on appeal or collateral review, bars claim from federal habeas review). Additionally, the Court is also unsure of how Petitioner's out-of-time appeal and any potential state habeas action affects the calculation of the AEDPA's one-year statute of limitations for filing a § 2254 habeas petition. See 28 U.S.C. § 2244(d)(1) (a petitioner has one-year to file a § 2254 petition, generally running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

In sum, because the parties have failed to update the Court with the change in status of Petitioner's direct appeal, let alone brief the Court on what issues were raised in that appeal, the Court does not have sufficient information to determine if the state courts have had an opportunity to address the claims that Petitioner now raises in his federal petition or whether Petitioner has raised colorable federal claims such that the merits of the petition should be addressed in lieu of invoking the exhaustion requirement.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **DENIED** without prejudice.[3] Should this Report and Recommendation be

---

[3] The Court notes that Respondent alternatively requests that Petitioner's § 2254 petition be held in abeyance pending the completion of the exhaustion process. See Rhines v. Weber, 544 U.S. 269, 275-77 (2005) (holding that the district court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims; however, noting that this procedure should only be used in limited circumstances). Despite Respondent's request, holding the § 2254 petition in abeyance in its current posture will not overcome the fundamental lack of information about the substance of Petitioner's direct appeal and/or whether those direct appellate proceedings have any impact on the exhaustion of Petitioner's

adopted by the District Court Judge as his own opinion, Respondent should have thirty (30) days from the date of that adoption order to either file a substantive answer to the allegations in the § 2254 petition, or to refile his motion to dismiss with current information.

SO REPORTED and RECOMMENDED this 22nd day of December, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

federal claims.