ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES FITZGERALD DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 106-043 |
| | ) | |
| RANDY TILLMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus against Respondent pursuant to 28 U.S.C. § 2254. The petition is now before the Court on a renewed motion to dismiss filed by Respondent. (Doc. no. 22). For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the renewed motion to dismiss be **GRANTED**, that this civil action be **DISMISSED** without prejudice, and that a final judgment be **ENTERED** in favor of Respondent.

I.    **BACKGROUND**

In July 2000, a jury convicted Petitioner of aggravated assault and possession of a firearm during the commission of a crime. (Doc. no. 13, Ex. 1, p. 605). The Richmond County Superior Court sentenced Petitioner to 25 years of imprisonment. (Id.). Thereafter, Petitioner filed a motion for a new trial, which was dismissed for lack of prosecution. (Id. at 29, 823).

Approximately two-and-one-half years later, Petitioner filed a state habeas corpus petition arguing that: (1) the indictment was defective, (2) his trial counsel was ineffective for telling the jury that Petitioner was guilty of the charges, (3) his trial counsel was ineffective for failing to "pursue and represent Petitioner zealously," and (4) he was denied the right to appeal his convictions because his attorney failed to file a notice of appeal. (Id. at Exs. 2-3). Following an October 25, 2005 evidentiary hearing, the state habeas court determined Petitioner was unconstitutionally denied the right to appeal, granted Petitioner an out-of-time appeal, and remanded the case. (Id. at Ex. 4). However, the state habeas court declined to address Petitioner's remaining claims on the merits because he was granted the out-of-time appeal. (Id.). Subsequently, Petitioner filed *pro se* motions to remain in the county jail and for appointment of appellate counsel. (Id. at Ex. 1).

On March 23, 2006, Petitioner filed the instant petition, reasserting claims one, two, and three raised in the state habeas petition. (Doc. no. 1, p. 6). Furthermore, Petitioner argued that he was being "continually denied his right to appeal" because the state court did not appoint counsel in the out-of-time appeal. (Id.). Respondent answered and generally denied the allegations (doc. no. 10), but also filed a motion to dismiss (doc. no. 11).

In the motion to dismiss, Respondent argued that Petitioner failed to exhaust his claims in the state courts, and, therefore, the petition should be dismissed or held in abeyance pending completion of state proceedings. (Doc. nos. 11, 12). Additionally, Respondent asserted that the state courts should be afforded the first opportunity to correct any alleged constitutional violations. (Doc. no. 12, pp. 4, 5). Petitioner opposed the motion, arguing, *inter alia*, that he did exhaust state court remedies. (Doc. no. 14). The Honorable Dudley

H. Bowen, Jr., United States District Judge, denied the motion to dismiss without prejudice because the parties failed to indicate the status of Petitioner's direct appeal. (Doc. no. 18). However, Judge Bowen afforded Respondent thirty (30) days to file a substantive answer to the allegations in the petition or re-file the motion to dismiss with current information. (Id.).

In the renewed motion to dismiss, to which Petitioner failed to respond,[1] Respondent explains that on September 15, 2006, the Georgia Court of Appeals dismissed Petitioner's appeal. (Doc. no. 22, p. 2). However, Petitioner filed an amended motion for a new trial. (Id.). The Superior Court of Richmond County granted Petitioner's motion for a new trial on February 8, 2007. (Resp't Ex. 5).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state

---

[1] The Court issued an order on April 13, 2007 explaining that failure to respond indicates the motion is unopposed and affording Petitioner an additional fifteen (15) days to file a response. (Doc. no. 24).

3

courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[2] Id.

The AEDPA, however, contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the

---

[2] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

4

petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[3]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to

---

[3] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

5

state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[4]

In this case, Petitioner's federal habeas corpus petition should be dismissed because the Superior Court of Richmond County has granted Petitioner a new trial. Consequently, Petitioner has an available avenue of relief in the state courts that may address all the claims asserted in the federal petition. Thus, the state courts have not had a full and fair opportunity to address Petitioner's claims, and AEDPA's exhaustion requirement has not been satisfied. See 28 U.S.C. § 2254(c). As the United States Supreme Court has admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has failed to allege exhaustion of available state remedies, the instant federal habeas corpus petition should be **DISMISSED** without prejudice.

---

[4]When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the renewed motion to dismiss be **GRANTED**, that this civil action be **DISMISSED** without prejudice, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 31st day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE